UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI MALDONY,

    Plaintiff,

vs.                                  CASE NO.:

ADAM AYED ENTERPRISES, LLC, a
Florida Limited Liability Company, and
ADAM AYED, Individually,

    Defendants.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LORI MALDONY, by and through the undersigned attorney, sues the Defendants, ADAM AYED ENTERPRISES, LLC, a Florida Limited Liability Company, and ADAM AYED, Individually, and alleges:

1. Plaintiff, LORI MALDONY, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, LORI MALDONY was an employee who worked at Defendants' property within the last three years in Orange County, Florida.

3. Plaintiff, LORI MALDONY, worked for Defendants as a salary paid employee at an annual rate of $60,000 per year.

4. Plaintiff's salary was specifically intended to cover forty (40) hours of

work per week.

5. Plaintiff, LORI MALDONY, provided accounting work for Defendants.

6. Plaintiff, LORI MALDONY, did not supervise two or more employees during her employment with Defendants.

7. Plaintiff, LORI MALDONY, did not have any input into job status of other employees such as hiring, firing, promotions, or job assignments.

8. Plaintiff, LORI MALDONY, did not exercise independent judgment or discretion in carrying out her job responsibilities.

9. At all times material to this cause of action, Plaintiff, LORI MALDONY, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

10. Defendant, ADAM AYED ENTERPRISES, LLC, is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

11. Defendant, ADAM AYED ENTERPRISES, LLC, operates as a towing and motor vehicle mechanic business.

12. At all times relevant to this action, ADAM AYED was an individual resident of the State of Florida, who owned and operated ADAM AYED ENTERPRISES, LLC, and who regularly exercised the authority to: (a) hire and fire employees of ADAM AYED ENTERPRISES, LLC; (b) determine the work schedules for the employees of ADAM AYED ENTERPRISES, LLC, and (c) control the finances and operations of ADAM AYED ENTERPRISES, LLC. By virtue of having regularly

exercised that authority on behalf of ADAM AYED ENTERPRISES, LLC, ADAM AYED is/was an employer as defined by 29 U.S.C. § 201, et seq.

13. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

15. During Plaintiff's employment with Defendants, Defendant, ADAM AYED ENTERPRISES, LLC, earned more than $500,000.00 per year in gross sales.

16. Defendant, ADAM AYED ENTERPRISES, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

17. During Plaintiff's employment, Defendant, ADAM AYED ENTERPRISES, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as vehicle lifts, tires, motor oil, torque wrenches, ratchets and sockets, air compressors, and other tools/materials used to run the business.

18. Therefore, at all material times relevant to this action, Defendant, ADAM AYED ENTERPRISES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. Additionally, Plaintiff, LORI MALDONY, is individually covered under the FLSA.

### FLSA Violations

20. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

21. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

22. Specifically, Defendants compensated Plaintiff her weekly salary of $1,153.84 regardless of the overtime hours worked by Plaintiff during the workweek.

23. Plaintiff is entitled to full time and one-half her calculated hourly rate for all hours worked in excess of forty (40) per week.

24. Plaintiff's calculated hourly rate based on forty (40) hours is $28.85 per hour. ($60,000 per year/52 weeks = $1,153.84. $1,153.84/40 hours = $28.85 per hour)

25. Plaintiff routinely worked between 46-50 hours per week.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though stated fully herein.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of

4

pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was paid only her salary rate for all hours worked regardless of how many overtime hours were worked in the workweek.

32. Defendants have failed provide accurate overtime compensation for numerous pay periods.

33. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

35. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LORI MALDONY demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 7th day of August, 2019

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 867-4791
Email:        mgunter@forthepeople.com
Attorneys for Plaintiff